IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:08-1264-JFA |
|---|---|---|
| v. | ) ) | ORDER |
| CHARLIE BELLS, JR. | ) ) ) |  |
| _____ | ) |  |

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the motion (ECF No. 97) is DENIED. The defendant's guideline range is unaffected by Amendment 750 because the amount of crack cocaine attributable to the defendant was in excess of 150 kilograms. Therefore, as this amendment did not lower defendant's guideline range, it does not apply.[1]

IT IS SO ORDERED.

January 17, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[1] The defendant's guideline range at sentencing, based on a total offense level of 40 and a criminal history category of VI, was 360 to Life. The court previously departed 7 levels from 40 to 33 which yielded a new guideline range of 235 to 293 months. The court sentenced the defendant to 235 months. His new guideline range of 33 (with a criminal history category of VI), produces the same range of 235 to 293 months.