IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:08-1264-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHARLIE BELLS, JR. | ) | |
| | ) | |
| _____ | ) | |

The *pro se* defendant, Charlie Bells, Jr., is an inmate with the Federal Bureau of Prisons. He has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255[1] alleging ineffective assistance of counsel.

The government, here the respondent, has filed a motion to dismiss the § 2255 motion, contending that it is untimely. The court advised the defendant in a *Roseboro* order of the importance of his adequate response to the motion to dismiss and the defendant filed a response. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

For the reasons which follow, the court hereby grants the government's motion to dismiss. Accordingly, an evidentiary hearing is unnecessary.

PROCEDURAL HISTORY

After the defendant pled guilty to various drug conspiracy and distribution charges, this court sentenced the defendant on January 7, 2010, to 235 months imprisonment. The defendant appealed his sentence claiming ineffective assistance of counsel. The Fourth

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

1

Circuit Court of Appeals dismissed the appeal on March 8, 2010, based on the waiver of appeal provision contained in the defendant's plea agreement. The Fourth Circuit mandate was issued on June 11, 2010.

Defense counsel then informed the defendant of his right to petition the United States Supreme Court for further review. Defense counsel filed a Certiorari Status Form with the appellate court and sent a copy to the defendant. The defendant then wrote to counsel informing him that he wished to file a petition for a writ of certiorari. Counsel, finding no meritorious or non-frivolous grounds on which to seek certiorari, moved to be removed as counsel and the Fourth Circuit granted the withdrawal on July 23, 2010. The defendant never filed a petition for writ of certiorari with the Supreme Court.

"For federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 123 S.Ct. 1072, 1079 (2003). In other words, if a direct appeal is filed but no petition for writ of certiorari is filed, an additional 90 days is added to the one-year period of limitations to file a § 2255 motion. So, if the defendant's judgment of conviction became final on June 11, 2010, then 90 days from that date is September 11, 2010, plus one year is the final deadline of September 11, 2011.

On June 10, 2011[2] the defendant requested an extension to file a § 2255 petition. He asserted that he had been on institution lock down, was stabbed four times, and had not been

---

[2] Although the motion was filed on June 10, 2011, the motion was signed and presumably mailed from the prison on June 7, 2011.

able to file a § 2255 motion. Attached to his motion for an extension of time was a letter from S. Cox, a case manager at the Federal Bureau of Prisons, wherein she stated that the prison was on lock-down from May 20, 2011 through June 7, 2011. The defendant also stated in his motion that he was stabbed and was under medical care at the Special Housing Unit (SHU) from September 12, 2010 to November 29, 2010. The defendant makes no mention of why he could not have completed his § 2255 petition between December 1, 2010 and May 20, 2011, when it appears he was not under any restrictions.

This court denied the extension of time holding that it was without jurisdiction to consider the request until a § 2255 petition was actually filed. The court also noted in its June 15, 2011 order that the defendant did not present any facts to suggest why his § 2255 motion would be untimely since the one-year statute of limitations had not yet expired. As noted previously in this order, the defendant had until September 11, 2011 to file a § 2255 motion. The defendant did not file his § 2255 motion until May 21, 2012.

Conceivably, the defendant could argue that this court's order of June 15, 2011 (denying his request for an extension of time to file his § 2255 motion) misguided him as to the time limits under the statute of limitations because the court inadvertently noted June 11, *2011* as the date the Fourth Circuit Court of Appeals issued its mandate denying the defendant's direct appeal of his conviction. The mandate was actually issued on June 11, *2010*. This court also noted in the order that the yet-to-be-filed § 2255 motion might not be untimely as the statute of limitations period has not expired. In fact, the deadline was on or about September 11, 2011.

3

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. That limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pub.L. No. 104-132, § 105(2).

## DISCUSSION

In his response to the government's motion to dismiss, the defendant requests equitable tolling to enable him to make his § 2255 motion timely.

Although courts have the authority to apply the doctrine of equitable tolling to relax the one-year limitations period, such instances are rare and must be extraordinary. The defendant has not presented extraordinary facts that would allow this court to excuse his untimeliness.

The doctrine of equitable tolling does apply to the one-year limitations period. *United States v. Prescott*, 221 F.3d at 687-88. However, it has been applied in only two situations:

(1) when a petitioner is prevented from asserting his claims within the proper time period by wrongful conduct of the opposing party; and (2) when some extraordinary circumstances not within the petitioner's control made timely filing impossible. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *McMillan v. Jarvis*, 332 F.3d 244, 249 n.* (4th Cir. 2003). The Fourth Circuit has made it clear that:

> any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris,* 209 F.3d at 330.

The defendant also contends that he has mental issues and that his filing has merit. However, the Fourth Circuit has expressly rejected the notion that the strength of a petitioner's constitutional claims should excuse his failure to timely file. *Rouse v. Lee*, 339 F.3d 238, 251 (4th Cir. 2003) (holding in a death penalty case that the strength of the petitioner's constitutional claims does not justify a deviation from the equitable tolling standard, which requires proof of extraordinary circumstances beyond the petitioner's control that prevents him for filing on time).

After careful consideration, it appears that the defendant was well aware of his impending September 11, 2011 deadline because he filed an extension of time on June 7, 2011 (without even a proposed § 2255 motion) requesting 30 to 90 more days, apparently

5

anticipating that he could not meet the statutory deadline of September 11, 2011.[3]

CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 motion is untimely. Accordingly, the government's motion to dismiss (ECF No. 114) is granted.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 18, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] The court's inadvertent reference to the wrong year in reference to the date on which the Fourth Circuit Court of Appeals issued its mandate denying the direct appeal, though unfortunate, does not give rise to equitable tolling in this case. The defendant, who during this litigation has demonstrated the ability to interpret procedural rules, deadlines, and the like, certainly would have known the correct year in which the Fourth Circuit Court of Appeals decided his case. This would have been the year that he interacted with his court-appointed attorney who advised him of his right to petition for certiorari, who thereafter withdrew from the case. The defendant would have certainly known that this occurred in the year 2010, not 2011, the year he filed a motion for an extension.

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).